UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY R. FROEMEL,

           Plaintiff,

v.                                                    Case No. 25-cv-88-pp

RN DEVIN CRAWFORD, *et al.*,

           Defendants.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 15) UNDER 28 U.S.C. §1915A**

On May 14, 2025, the court screened plaintiff Jeffrey R. Froemel's complaint under 42 U.S.C. §1983, determined that it failed to state a claim and gave him an opportunity to amend his complaint to better explain his claims. Dkt. No. 11. The court ordered the plaintiff to file his amended complaint by June 13, 2025. Id. at 13. On June 18, 2025, the court extended the plaintiff's deadline to file his amended complaint to July 14, 2025. Dkt. No. 13. On July 18, 2025, the court received the plaintiff's amended complaint. Dkt. No. 15. This decision screens that amended complaint.

**I.    Screening the Amended Complaint**

      **A.**    Federal Screening Standard

As the court explained in the previous screening order, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person

1

Case 2:25-cv-00088-PP    Filed 08/19/25    Page 1 of 7    Document 16

raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty.. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

    B.    <u>The Plaintiff's Allegations</u>

The amended complaint renames as defendants Registered Nurses Devin Crawford, Mcullen (previously identified as McCullen) and Tina, and it newly names registered nurse Amandy. Dkt. No. 15 at 1. The plaintiff no longer lists Racine Correctional Institution's Warden Miller as a defendant in the caption, but he does list Miller under the "Parties" section on the first page of his amended complaint. Id.

The plaintiff alleges that nurses Crawford, Mcullen, Amandy and Tina "contributed to [his] extreme suffering during their mis diagnosis [*sic*] of of [*sic*] [him] having a painful heart attack." Id. at 2. The plaintiff alleges that the defendants "violated [his] 8th Amendment which makes them all diliberate indiffernce [*sic*] of [his] medical need's [*sic*] . . . and they wouldn't regard a due process neither." Id. He says that the Health Services Unit (HSU) at Racine "put [him] through inhumane medical treatment by not even considering [he] was having heart issue's [*sic*] even after [he] told all the RN's [*sic*] [he] suffered a heart attack prior to this one." Id. at 2–3.

The plaintiff then alleges that he "had physical impairment" after he returned from surgery for his heart attack, and Nurse Tina ignored his work restriction and made him go "back to work as soon as [he] returned to" Racine. Id. at 3. The plaintiff says that after three days, he could not catch his breath at work, so he "begged" Tina to contact "the cardiac hospital." Id. He alleges

3

that only after this incident did Tina confirm that he had a work restriction. Id. He alleges that Crawford, Mcullen and Amandy violated his rights on July 5, 7 and 8, 2024. Id. He does not elaborate on those allegations, but he claims that all four nurses "acted with milicious [*sic*] intent by puting [*sic*] [him] off suffering evrey [*sic*] night." Id. He reiterates that Nurse Tina forced him "to kill [him]self by making [him] go to work," where he had to lift fifty to seventy-five pounds worth "of heavy pot's [and] pan's [*sic*]." Id.

The plaintiff asserts that the nurses "jeopardized [his] life and put it in endangerment by sending [him] back to [his] cell every night with a clogged up heart arteries [*sic*]." Id. at 4. He seeks $10 million in damages. Id.

C.      Analysis

As the court explained in the May 14, 2025 screening order, the court analyzes the plaintiff's allegations of inadequate medical treatment under the Eighth Amendment. Dkt. No. 11 at 7 (citing Estelle v. Gamble, 429 U.S. 97, 105 (1976); and Gabb v. Wexford Health Sources, Inc., 945 F.3d 1027, 1033 (7th Cir. 2019). As the court previously explained, "the plaintiff must allege both that he 'suffered from an objectively serious medical condition' and that the defendants were 'deliberately indifferent to that condition.'" Id. (quoting Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (*en banc*)). The plaintiff must show "'more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk.'" Stewart v. Wexford Health Sources, Inc., 14 F.4th 757, 763 (7th Cir. 2021) (quoting Huber v. Anderson, 909 F.3d 201, 208 (7th Cir. 2018)).

Again, the court finds that the plaintiff's allegations about his heart issues satisfy the objective component of an Eighth Amendment claim. See Dkt. No. 11 at 7 (citing Mathison v. Moats, 812 F.3d 594, 598 (7th Cir. 2016)). And again, the question is whether his allegations satisfy the subjective component for each defendant.

The plaintiff's original complaint provided significantly more detail about his claims than does the amended complaint. Yet the court determined that the original complaint did not state a claim because the plaintiff's allegations suggested only that the defendants had misdiagnosed him as "the result of negligence or medical malpractice, but neither of those violates the Eighth Amendment." Id. at 8–10 (citing Stockton v. Milwaukee County, 44 F.4th 605, 616 (7th Cir. 2022); Whiting v. Wexford Health Sources, Inc., 839 F.3d 658, 662 (7th Cir. 2016); and Grant v. Heidorn, 802 F. App'x 200, 205 (7th Cir. 2020)). The court determined that the plaintiff's allegations against Nurse Tina suggested only that she "was disrespectful and mean to him," which also does not violate the Eighth Amendment. Id. at 10 (citing Lisle v. Welborn, 933 F.3d 705, 719 (7th Cir. 2019)). The plaintiff alleged "that other unspecified 'HSU staff' violated his rights," but the court explained that those allegations did not "identify specific persons who were personally responsible for violating the plaintiff's rights." Id. at 10–11 (citing Cash v. Marion C'nty Jail, 211 F. App'x 486, 488 (7th Cir. 2006)).

The amended complaint suffers from different deficiencies. The plaintiff generally alleges that the defendants "contributed to [his] extreme suffering,"

violated his Eighth Amendment rights and failed to provide him due process. But he does not explain *how* any of the four named defendants violated his rights. He does not say what any of them specifically did or failed to do that constitutes deliberate indifference to his medical needs or denied him due process. The court instructed the plaintiff in the previous order "to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights." Id. at 12. The amended complaint's "vague references" to the defendants, and the lack of "specific allegations tying the individual defendants to the alleged unconstitutional conduct," do not satisfy those requirements and are insufficient to state a claim against any defendant. Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008).

The one exception is the plaintiff's allegation that Nurse Tina forced him to return to work immediately after he had surgery, even though he had a work restriction. He says that Tina refused to listen to him when he told her that he had the work restriction, and she forced him to work for three days before confirming that he did have a restriction. He alleges that he suffered from shortness of breath and felt that his life was in danger from his physically demanding job. These allegations are similar to, but different than, the plaintiff's allegations in the original complaint that Tina only was "difficult or disrespectful rather than indifferent to the plaintiff's medical concerns." Dkt. No. 11 at 10. Although it is a close call, the court finds that the plaintiff has alleged enough to state an Eighth Amendment claim that Nurse Tina was deliberately indifferent to his serious heart issues after he returned from

6

Case 2:25-cv-00088-PP    Filed 08/19/25    Page 6 of 7    Document 16

surgery. The court will allow him to proceed on this limited claim against Nurse Tina. The court will dismiss all other defendants because, for the reasons discussed above, the amended complaint does not state a claim against them. Because the amended complaint again contains no allegations against Warden Miller, the court will not allow the plaintiff to proceed against him. Id. at 11.

## II. Conclusion

The court **DISMISSES** defendants RN Devin Crawford, RN Amandy and RN Mcullen.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the amended complaint and this order to the Wisconsin Department of Justice for service on defendant RN Tina at Racine Correctional Institution. Under the informal service agreement, the court **ORDERS** the defendant to respond to the amended complaint within 60 days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

Dated in Milwaukee, Wisconsin this 19th day of August, 2025.

                                                **BY THE COURT:**

                                                **HON. PAMELA PEPPER**
                                                **Chief United States District Judge**