**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**JEFFREY R. FROEMEL,**

**Plaintiff,**

**v.** **Case No. 25-cv-088**

**TINA TYLER,**

**Defendant.**

---

## ORDER

---

Plaintiff Jeffrey R. Froemel, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. Froemel was allowed to proceed on an Eighth Amendment claim of deliberate indifference to medical needs against defendant Tina Tyler for allegedly forcing him to return to work immediately after he had heart surgery. The defendants filed a motion for summary judgment on the ground that Froemel failed to exhaust his administrative remedies. (ECF No. 30.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 10, 20.) The motion is ready for a decision. For the reasons stated below, the court grants the defendants' motion for summary judgment on exhaustion grounds.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Standard*

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

Wisconsin's procedures for inmates exhausting administrative remedies are contained in Wis. Admin. Code Ch. DOC 310 (2018). "The purpose of this chapter is to afford inmates in institutions a process by which grievances may be expeditiously raised, investigated, and decided." Wis. Admin Code § DOC 310.01(1). The Inmate Complaint Review System (ICRS) is the main process an inmate must use to bring a grievance to the attention of the institution. Wis. Admin Code § DOC 310.04. Before

filing a formal written inmate complaint, "an inmate shall attempt to resolve the issue by following the designated process specific to the subject of the complaint." Wis. Admin Code § DOC 301.07(1). An inmate must file a formal written inmate complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). The complaint must clearly identify the issue the inmate seeks to complain about. Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the institution complaint examiner (ICE) may either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i). An inmate may appeal a rejected complaint to the appropriate reviewing authority within 10 days. Wis. Admin. Code § DOC 310.10(10). A complaint may be returned within 10 days of receipt if it fails to meet filing requirements, including not attempting to formally resolve the inmate complaint or filing the complaint more than 14 days after the date of the incident without a sufficient explanation as to why the complaint was filed late. Wis. Admin. Code § DOC 310.10(5). An inmate has 10 days to correct the deficiencies and then can resubmit the formal grievance. Wis. Admin. Code § DOC 310.10(5). An inmate may appeal a rejected complaint to the reviewing authority within 10 days of receiving notice of the rejection. The reviewing authority's decision is final. Wis. Admin. Code § 310.10(10).

Once the ICE accepts the complaint, the ICE makes a recommendation to the reviewing authority. Wis. Admin. Code § DOC 310.10(12). The reviewing authority

has 15 days after receiving the recommendation to either affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(1)-(2). Within 14 days after the date of the reviewing authority's decision, an inmate may appeal the reviewing authority's decision to the Corrections Complaint Examiner (CCE). Wis. Admin. Code § DOC 310.12(1). Appeals may not exceed 500 words and may not exceed two pages. Wis. Admin. Code § DOC 310.09(2)(e).

The CCE then has 45 days in which to make a recommendation to the Office of the Secretary of the DOC or to notify the inmate that more time is needed. Wis. Admin. Code § DOC 310.12(9). The CCE "may recommend rejection of an appeal not filed in accordance with § DOC 310.09." Wis. Admin. Code. § DOC 310.12(5). The Secretary then has 45 days in which to make a decision following receipt of the CCE's recommendation. Wis. Admin. Code § DOC 310.13(1). If an inmate does not receive a decision from the Secretary within 90 days of receipt of the appeal in the CCE's office, he may consider his administrative remedies exhausted. Wis. Admin. Code § DOC 310.13(4).

*Froemel's Claims and Attempts to Exhaust his Administrative Remedies*

At some point in the first couple weeks of July 2024 (it is unclear from the amended complaint precisely when) Froemel suffered from a heart attack. (ECF No. 15 at 2-3.) He had surgery on his heart and then returned to Racine Correctional Institution. (*Id.* at 3.) Defendant Tyler, a nurse at Racine, made him go back to his prison job in the kitchen as soon as he returned from surgery. (*Id.*) After three days of trying to work, wherein he had to lift "fifty to seventy-five pounds" worth of heavy

pots and pans, Froemel "begged" Tyler to contact the hospital and confirm he had a work restriction. (*Id.*)

On October 25, 2024, the ICE received an inmate complaint from Froemel wherein he complained that Health Services Unit (HSU) staff did not address his complaints of heart issues and made him go back to work in the kitchen after heart surgery. (ECF No. 32, ¶ 6.) That same day, the ICE returned Froemel's complaint informing him that his inmate complaint suffered from the following issues: 1) he did not show proof that he attempted to resolve the issue informally through all three levels of the chain of command as outlined in the Institution Handbook; 2) he listed four separate days in July 2024 for the date of the incident instead of just one day; 3) he filed his inmate complaint almost four months after the date of the incident but did not include an explanation as to why it was filed so late. (ECF No. 33-2 at 42.) The ICE directed him to attempt to resolve the issue informally by first writing "your Chain of Command"; then writing HSU Manager Vasquez; and then write Warden Miller. (*Id.*) The letter informed Froemel that he had 14 days from the date of the return letter to resubmit his inmate complaint with proof that he contacted the chain of command. (*Id.*) The letter also instructed Froemel to explicitly provide the reason why he was filing nearly four months after the incident. (*Id.*) Froemel was also instructed to limit the date of the incident to one specific day (*Id.*)

On November 13, 2024, Froemel submitted inmate complaint RCI-2024-16818, which again complained that HSU staff ignored his heart attack symptoms and made him go back to work after heart surgery. (ECF No. 33-2 at 9.) The ICE rejected the

complaint on December 4, 2024. (*Id.* at 2-3.) While the ICE recognized that he provided proof that he tried to informally resolve the issue with the chain of command, the ICE noted that Froemel did not explain why he waited until October 2024 to file a grievance. (*Id.* at 2.) The ICE informed Froemel that per Wis. Admin. Code § DOC 310.10(10) he "may appeal the rejection of this complaint within 10 days to the appropriate reviewing authority. The reviewing authority will only review the basis for the rejection of this complaint, not the merits of the complaint." (*Id.* at 3.)

On December 5, 2024, Froemel submitted several inmate complaints with each one describing a separate incident. (ECF No. 33-2 at 49-77.) Each inmate complaint also explained why his grievance was filed so late and included proof that he tried to informally resolve the issue with the chain of command. (*Id.*) On December 9, 2024, the ICE responded "What is all this paperwork for? If you are trying to appeal RCI-2024-16818, you need to complete a DOC 2182-Request for Review of Rejected Complaint." (*Id.* at 46.)

On December 11, 2024, Froemel submitted a Request for Review of Rejected complaint, which the reviewing authority received and acknowledged on December 17, 2024. (ECF No. 33-2 at 78.) In the appeal he explained that he could not timely file because he was waiting to get copies of his medical records so he could include all the facts in his grievance. (*Id.*) On December 30, 2024, the reviewing authority held that "this rejection appeal was rejected as untimely." (*Id.* at 5.) At some point, it is unclear from the record when, Froemel must have attempted to appeal the reviewing authority's decision to the CCE, because on January 6, 2025, the CCE sent Froemel

a letter stating that the CCE "shall not review a rejected complaint DOC 310.12(4)(b)." (ECF No. 33-3.)

*Analysis*

Tyler argues that Froemel failed to exhaust his administrative remedies because he did not properly submit his returned inmate complaint. The Seventh Circuit Court of Appeals "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018).). An inmate can show that a grievance process was unavailable when "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Id.* (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).

Froemel argues that he could not timely submit his inmate complaint because he was waiting for medical records before filing. However, crucially, he does not explain why he failed to include that explanation in the November 13, 2024, inmate

complaint, which he submitted in response to the return letter. The November 13, 2024, inmate complaint was his chance to correct the deficiencies of his original inmate complaint. In short, in the November 13 complaint, he failed to explain why he filed his inmate complaint more than 14 days after the incident(s) took place in July 2024, so the November 13 inmate complaint was properly rejected. What happened after—whether his appeal of the rejection was timely, etc.—is irrelevant because even if his appeal of the rejection was timely, the rejection itself was appropriate. "[A] complaint that is rejected for procedural reasons, rather than dismissed after a determination on the merits, does not exhaust a prisoner's administrative remedies." *Durley v. Kacyon*, No. 21-CV-154-PP, 2022 WL 16530885 at * 5 (E.D. Wis. June 23, 2022) (citing *Conyer v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005)). Summary judgment is granted in favor of Tyler.

## CONCLUSION

For the reasons stated above, Froemel failed to demonstrate that he exhausted his administrative remedies for his claims. Therefore, the court grants Tyler's summary judgment motion on exhaustion grounds, and Froemel's case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 36) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of September, 2026.

Stephen C. Dries

STEPHEN DRIES
United States Magistrate Judge